No. 22-13581-AA

# IN THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

CITIZENS INSURANCE COMPANY OF AMERICA et al.,

*Plaintiffs—Appellants,*

v.

BANYAN TREE MANAGEMENT, LLC et al.,

*Defendants—Appellees.*

Appeal from the United States District Court for the
Northern District of Georgia
No. 1:19-cv-05292-MHC

# APPELLEES' RESPONSE TO THE SUPPLEMENTAL JURISDICTIONAL QUESTION

Spencer M. Taylor
AL Bar No. ASB-1663-O59S
Sarah C. McBrayer
AL Bar No. ASB-0496-M12E
BARZE TAYLOR NOLES LOWTHER LLC
2204 Lakeshore Drive, Suite 425
Birmingham, AL 35209
Telephone: (205) 872-1032
E-mail: staylor@btnllaw.com
E-mail: smcbrayer@btnllaw.com

Shattuck Ely
GA Bar No. 246944
FELLOWS LABRIOLA, LLP
233 Peachtree Street, N.E.
Suite 2400
Atlanta, GA 30303
Telephone: (404) 586-2022
E-mail: tely@fellab.com

*Counsel for Appellees Banyan Tree Management, LLC and Albany Downtown Hotel Partners, LLC*

No. 22-13581-AA
# Citizens Insurance Company of America *et al.* v. Banyan Tree Management LLC *et al.*

**Certificate of Interested Persons and Corporate Disclosure Statement**

## CERTIFICATE OF INTERESTED PERSONS

Pursuant to 11th Circuit Rules 26.1-1(a)(3) and 26.1-2, Defendants-Appellees, Banyan Tree Management, LLC and Albany Downtown Hotel Partners, LLC, hereby submit the following Certificate of Interested Persons and Corporate Disclosure Statement, and pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1-2(a), hereby certify that the following is a complete list of the Trial Judge, Magistrate Judge, all attorneys, persons, associations of persons, firms, partnerships or corporations that have an interest in the outcome of the case, including subsidiaries, conglomerates, affiliates and parent corporations, and other identifiable legal entities related to a party:

Albany Downtown Hotel Partners, LLC, Defendant-Appellee

Arnold & Itkin LLP (Counsel for Appellee Jane Doe)

Banyan Tree Management, LLC, Defendant-Appellee

BARZE TAYLOR NOLES LOWTHER LLC (Counsel for Defendants-Appellees Banyan Tree Management, LLC and Albany Downtown Hotel Partners, LLC)

Boatright, Micajah D. (Counsel for Defendant Jane Doe)

No. 22-13581-AA
**Citizens Insurance Company of America *et al.* v. Banyan Tree Management LLC *et al.***

**Certificate of Interested Persons and Corporate Disclosure Statement**

Boyles, Kenneth W. Jr. (Former counsel for Plaintiffs-Appellants Citizens Insurance Company of America and Massachusetts Bay Insurance Company)

Christensen, Roland T. (Counsel for Defendant Jane Doe)

Citizens Insurance Company of America, Plaintiff-Appellant

Clay, Charles L., Jr. (Counsel for Defendant Jane Doe)

Hon. Cohen, Mark H., United States District Court Judge for the Northern District of Georgia

Doe, Jane, Defendant-Appellee

ELY & ISENBERG, LLC (Law firm representing Plaintiffs-Appellants Citizens Insurance Company of America and Massachusetts Bay Insurance Company)

Ely, Shattuck (Counsel for Defendants-Appellees Banyan Tree Management, LLC and Albany Downtown Hotel Partners, LLC)

Fellows LaBriola LLP (Law firm representing Defendants-Appellees Banyan Tree Management, LLC and Albany Downtown Hotel Partners, LLC)

Hall Booth Smith P.C. (Law firm representing Third-Party Defendant—Appellant Starr Indemnity & Liability Company)

No. 22-13581-AA
**Citizens Insurance Company of America** *et al.* **v. Banyan Tree Management LLC** *et al.*

**Certificate of Interested Persons and Corporate Disclosure Statement**

Hill, Richard Hoyle Jr. (Counsel for Plaintiff-Intervenor—Appellant Westfield Insurance Company)

Isenberg, Joel S. (Counsel for Plaintiffs-Appellants Citizens Insurance Company of America and Massachusetts Bay Insurance Company)

Johnson, Carey Michael (Counsel for Third-Party Defendant—Appellant Starr Indemnity & Liability Company)

Mabry & McClelland LLP (Law firm representing Plaintiff-Intervenor—Appellant Westfield Insurance Company)

Massachusetts Bay Insurance Company, Plaintiff-Appellant

McBrayer, Sarah C. (Counsel for Defendants-Appellees Banyan Tree Management, LLC and Albany Downtown Hotel Partners, LLC)

McCurry, Susan H. (Counsel for Plaintiffs-Appellants Citizens Insurance Company of America and Massachusetts Bay Insurance Company)

Opus Investment Management, Inc.

Pratt Clay LLC (Law firm representing Defendant Jane Doe)

Schwahn, Derek (Former counsel for Defendants-Appellees Banyan Tree Management, LLC and Albany Downtown Hotel Partners, LLC)

No. 22-13581-AA
**Citizens Insurance Company of America *et al.* v. Banyan Tree Management LLC *et al.***

**Certificate of Interested Persons and Corporate Disclosure Statement**

Starr Global Financial Inc.

Starr Global Holdings AG

Starr Indemnity & Liability Company, Third-Party Defendant—Appellant

Starr Insurance Holdings, Inc.

Starr International Company Inc.

Taylor, Spencer M., (Counsel for Defendants-Appellees Banyan Tree Management, LLC and Albany Downtown Hotel Partners, LLC)

The Hanover Insurance Company

The Hanover Insurance Group, Inc. (NYSE: THG)

Westfield Group

Westfield Insurance Company, Plaintiff-Intervenor—Appellant

Wingfield, Thomas Kearney (Counsel for Third-Party Defendant—Appellant Starr Indemnity & Liability Company)

Zutshi, Sharika (Counsel for Defendants-Appellees Banyan Tree Management, LLC and Albany Downtown Hotel Partners, LLC)

No. 22-13581-AA
**Citizens Insurance Company of America** *et al.* **v. Banyan Tree Management LLC** *et al.*

**Certificate of Interested Persons and Corporate Disclosure Statement**

**CORPORATE DISCLOSURE STATEMENT**

Pursuant to 11th Circuit Rule 26.1, Appellees hereby certify that Banyan Tree Management, LLC ("Banyan") and Albany Downtown Hotel Partners, LLC ("Albany") are limited liability companies. No publicly traded corporation owns 10% or more of the stock of Banyan or Albany.

Citizens Insurance Company of America is a wholly-owned subsidiary of The Hanover Insurance Company, which is a wholly-owned subsidiary of Opus Investment Management, Inc., which is a wholly-owned subsidiary of The Hanover Insurance Group, Inc. whose shares are publicly listed and traded on the New York Stock Exchange in the United States under the symbol "THG." No corporation or entity holds more than 10% of the equity interests of The Hanover Insurance Group, Inc.

Massachusetts Bay Insurance Company is a wholly-owned subsidiary of The Hanover Insurance Company, which is a wholly-owned subsidiary of Opus Investment Management, Inc., which is a wholly-owned subsidiary of The Hanover Insurance Group, Inc. whose shares are publicly listed and traded on the New York Stock Exchange in the United States under the symbol "THG." No corporation or

No. 22-13581-AA
**Citizens Insurance Company of America** *et al.* **v. Banyan Tree Management LLC** *et al.*

**Certificate of Interested Persons and Corporate Disclosure Statement**

entity holds more than 10% of the equity interests of The Hanover Insurance Group, Inc.

Starr Indemnity & Liability Company is wholly owned by Starr Global Financial Inc. Starr Insurance Holdings, Inc. owns 100 percent of the common shares of Starr Global Financial Inc. Starr Insurance Holdings, Inc. is 100 percent owned by Starr Global Holdings AG, which is 100 percent owned by Starr International Company Inc. There is not a publicly traded company that owns 10 percent or more of the stock of Starr Indemnity & Liability Company.

Westfield Insurance Company is a wholly-owned subsidiary of Westfield Group, and no publicly held corporation owns 10% or more of the stock of Westfield Insurance Company or Westfield Group.

## APPELLEES BANYAN TREE MANAGEMENT, LLC AND ALBANY DOWNTOWN HOTEL PARTNERS, LLC'S RESPONSE TO THE SUPPLEMENTAL JURISDICTIONAL QUESTION

On January 10, 2023, this Court issued a supplemental jurisdictional question, asking the parties to address "whether this Court has appellate jurisdiction to review the district court's September 22, 2022 order, making sure to address whether this case has been rendered final or if any claims, counterclaims, or crossclaims remain pending before the district court." (App. Doc. 46-2.)[1] For the reasons that follow, it is the position of Appellees Banyan Tree Management, LLC ("Banyan") and Albany Downtown Hotel Partners, LLC ("Albany") that this appeal may proceed.

### I.   History

This appeal arises from an insurance coverage lawsuit filed against Banyan and Albany in which three of their commercial general liability ("CGL") insurers sought declaratory judgments and a finding of no duty to defend or indemnify Banyan and Albany in an underlying personal injury lawsuit filed by Jane Doe in the State Court of Gwinnet County, Georgia, Civil Action No. 19-C-04673-S3 (the "Underlying Action").[2] In the Underlying Action, Ms. Doe claims she was secretly

---

[1] Appellees cite to filings in the United States Court of Appeals for the Eleventh Circuit as "App. Doc. ___" and filings in the district court as "Doc. __" with the document numbers being supplied by the courts' respective electronic filing systems.

[2] The parties also had claims related to a prior filed action by Jane Doe filed in the Circuit Court of Fairfax County, Virginia (the "Virginia Action"), including counterclaims by Albany and Banyan against Hanover related to the defense of the Virginia Action. Upon joint motion, the district court dismissed the claims that involved or were premised upon the Virginia Action. (Docs. 104, 105.) These claims were dismissed before the parties briefed their motions for

1

filmed fully nude while showering in her hotel bathroom at the Hampton Inn in Albany, New York, a hotel owned by Albany and operated by Banyan. (Doc. 50-1 at 2, ¶ 1.) She claims an unknown perpetrator, John Doe, posted the video to numerous pornographic websites. (*Id.* at 5-10, ¶¶ 8-31.) Upon learning of such publication, Jane Doe claims she suffered serious mental anguish and physical injuries for which she seeks to recover from Albany and Banyan. (*Id.* at 13-14, 16-17, 19-20, 22, ¶¶ 46, 55, 60, 67, 80.)

Plaintiffs Citizens Insurance Company and Massachusetts Bay Insurance Company (collectively "Hanover") provided successive CGL insurance policies (the "Hanover Policies") to Albany in which Banyan is an additional insured for the period April 21, 2015 to April 21, 2018. (Doc. 50 at 5, ¶¶ 14-15.) Similarly, Plaintiff-Intervenor Westfield Insurance Company ("Westfield") issued successive CGL policies to Banyan for the period August 30, 2014 to August 30, 2016. (Doc. 25 at 2-3, ¶ 2.) Third-Party Defendant Starr Indemnity & Liability Company ("Starr") issued a CGL policy to Banyan for the period July 31, 2018 to July 31, 2019, in which Albany is an additional insured. (Doc. 67 at 13, ¶¶ 26-28.) As stated, Hanover and Westfield brought claims for declaratory judgment regarding their obligations under the Policies. (Docs. 50, 25, respectively.) Hanover additionally

---

summary judgment and the appealed order solely involves the duty to defend the Underlying Action.

sought a declaration that it was entitled to recoup its defense costs expended in defending the Underlying Action. (Doc. 50 at 20-21, ¶¶ 63-66.) Albany and Banyan brought Starr into the action by third-party complaint, alleging that Starr also had a duty to defend and indemnify Banyan and Albany and that, if Hanover was entitled to recoup defense costs, Starr was ultimately responsible for payment of those costs. (Doc. 54.)

All parties moved for summary judgment on the insurers' duties to Banyan and Albany with respect to the Underlying Action.[3] In its fifty-one page opinion, the district court granted summary judgment to Banyan and Albany in part and found that all three insurers owe Banyan and Albany a duty to defend under the CGL policies' Coverage B for personal and advertising injury liability. (Doc. 137 at 34, 39, 49.) The district court granted summary judgment in part for the insurers, finding there was no coverage under Coverage A for bodily injury and property damage. (*Id.* at 23, 37, 41.) The district court also granted summary judgment to Banyan and Albany on Hanover's recoupment claim.[4] (*Id.* at 34.)

---

[3] Banyan and Albany only sought summary judgment with respect to the insurers' duty to defend.
[4] Count I of Albany and Banyan's third-party complaint against Starr and those portions of Counts I—IV in Starr's Third-party counterclaim and crossclaim regarding recoupment ("third-party recoupment claims") were not expressly referenced by the district court in its opinion. However, as these claims were premised on Hanover's claim to recoup defense costs, the entry of summary judgment against Hanover on its recoupment claim mooted these third-party recoupment claims. *Faser v. Sears, Roebuck & Co.*, 674 F.2d 856, 860 (11th Cir. 1982) ("[I]f the defendant has no liability to the plaintiff, then the third party defendant has no liability to the defendant-third party plaintiff."); *Am. Zurich Ins. Co. v. Cooper Tire & Rubber Co.*, 512 F.3d 800, 805 (6th Cir. 2008) ("The third-party complaint is in the nature of an indemnity or contribution claim.

3

The district court declined to address the duty to indemnify under the various policies, finding the issue unripe. (Doc. 137 at 19 n.5.) The order therefore "is nonfinal and interlocutory because [the insurers'] request for a declaratory judgment on the duty to indemnify remains pending before the district court."[5] *James River Ins. Co. v. Ultratec Special Effects Inc.*, 22 F.4th 1246, 1251 (11th Cir. 2022).

## II. Appellate Jurisdiction

"To be appealable, an order must either be final or fall into a specific class of interlocutory orders that are made appealable by statute or jurisprudential exception." *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000) (citing 28 U.S.C. §§ 1291, 1292; *Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc.,* 890 F.2d 371, 375–76 (11th Cir. 1989)). "A final decision is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Id.* (internal quotation marks and citation omitted). An order "'adjudicating fewer than all the claims in a suit, or adjudicating the rights and liabilities of fewer than all the parties, is not a final judgment from which an appeal may be taken," unless 'the district court properly certifies as "final"

---

Accordingly, it is rare that a court renders judgment in favor of the defendant or dismisses the underlying action but nonetheless chooses to address a third-party claim.").

[5] In addition to the claims related to the duty to indemnify, the insurers also sought declaratory relief related to the insurers' obligations amongst themselves. *See, e.g.,* Doc. 66 at 19-20, ¶¶ 60-64 (Starr's third-party crossclaim, Count III, against Hanover seeking a declaration that, if it is found that Starr and Hanover both owe coverage, that Hanover must share in the cost to defend and indemnify Banyan and Albany with regards to the Underlying Action).

4

under Rule 54(b), a judgment on fewer than all claims or parties.'" *Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1246 (11th Cir. 2012) (quoting *Lloyd Noland Found., Inc. v. Tenet Health Care Corp.*, 483 F.3d 773, 777 (11th Cir. 2007)).

However, the Eleventh Circuit has recently found that it has jurisdiction to entertain an appeal arising from an otherwise nonfinal order where the order granted summary judgment to the insureds on their counterclaim for a declaratory judgment on the duty to defend. *James River Ins. Co. v. Ultratec Special Effects Inc.*, 22 F.4th 1246, 1253 (11th Cir. 2022). The court noted that it had jurisdiction "even though it [the order] does not provide complete relief because the duty to indemnify claim remains pending before the district court." *Id.* As the *James River* court explained:

> the district court here likewise granted summary judgment to the Insureds on their counterclaim for a declaratory judgment, thereby requiring James River to pay their defense costs. The Insureds sought a declaratory judgment and other appropriate relief, which includes injunctive relief. By entering an order declaring that the Insureds have a right to be defended by James River, the district court made the declaratory judgment akin to an injunction.

*Id.* at 1253. Thus, under current Eleventh Circuit law, this Court may exercise appellate jurisdiction over this appeal as it involves a grant of summary judgment to the insureds and a finding that the insurers owe a duty to defend. *See also AIX Specialty Ins. Co. v. Everett*, No. 21-12386, 2022 WL 950936, at *2 (11th Cir. Mar. 30, 2022) ("By granting [the underlying lawsuit plaintiff's] cross-motion for

5

summary judgment and declaring that [the insurer] owes a duty to defend [the insured] in the state court litigation, the order effectively requires [the insurer] to pay [the insured's] defense costs and thus sufficiently resembles an injunction.").

Any remaining declaratory judgment claims, like the insurers' claims seeking a declaratory judgment that they do not owe indemnity under the policies, do not conflict with this Court's exercise of jurisdiction over this appeal. As observed in *James River* and *Everett*, where a grant of summary judgment "effectively requires" the insurer to pay defense costs, an immediate appeal may be taken, even where there are outstanding declaratory judgment claims related to the insurers' obligations. Albany and Banyan respectfully submit this Court may exercise jurisdiction over this appeal and reach the merits of this dispute.

Respectfully submitted this 24th day of January, 2023.

*/s/ Spencer M. Taylor*
Spencer M. Taylor
AL Bar Number: ASB-1663-O59S
Sarah C. McBrayer
AL Bar Number: ASB-0496-M12E
BARZE TAYLOR NOLES LOWTHER LLC
2204 Lakeshore Drive, Suite 425
Birmingham, AL 35209
Telephone: (205) 872-1032
E-mail: staylor@btnllaw.com
E-mail: smcbrayer@btnllaw.com

Shattuck Ely
GA Bar No. 246944
FELLOWS LABRIOLA, LLP
233 Peachtree Street, N.E.
Suite 2400
Atlanta, GA 30303
Telephone: (404) 586-2022
E-mail: tely@fellab.com

*Counsel for Appellees Banyan Tree Management, LLC and Albany Downtown Hotel Partners, LLC*

7

## CERTIFICATE OF COMPLIANCE

This document complies with the word limit of Federal Rule of Appellate Procedure 27 because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f) and 27(d), this document contains 2,098 words.

This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6).

Dated:  January 24, 2023

*/s/ Spencer M. Taylor*
Spencer M. Taylor

*Counsel for Appellees*
*Banyan Tree Management, LLC and*
*Albany Downtown Hotel Partners,*
*LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on January 24, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send electronic notification of such filing to all counsel of record.

*/s/ Spencer M. Taylor*
Spencer M. Taylor

*Counsel for Appellees*
*Banyan Tree Management, LLC and*
*Albany Downtown Hotel Partners,*
*LLC*
